REQUESTED BY: Senator Rex Haberman, Chairman Committee on Agriculture and Environment Nebraska State Legislature 1114 State Capitol Lincoln, Nebraska 68509
Dear Senator Haberman:
This is in reply to your inquiry concerning the constitutionality of LB 551, which would require the Director of Agriculture to establish minimum prices for wheat, feed grains, oil seeds, and milk.
In arriving at our conclusion, we call particular attention to subsection 5 of Section 2 of the bill which provides:
 (5) The minimum prices established by the director for each commodity listed in subsection (1) of this section for each county of the state shall not be less than the product of the ninety per cent of parity price for each respective commodity divided by the average county loan rate, multiplied by the county loan rate of each of the counties of the state. (Emphasis added.)
With regard to the underscored provisions of subsection 5, subsection 3 defines parity prices as `the prices defined by the Agricultural Adjustment Act, 7 U.S.C. § 1301,' and although county loan rate is not defined in the bill, it is a well known fact that a county loan rate is the amount of money the U.S. Department of Agriculture will loan on the commodity in each county of the state.
In other words, as we pointed out with regard to the same provisions of LB 893 of the 1982 session, the Director of Agriculture would be required to set a price not less than ninety per cent of an amount fixed by Congress, divided by an amount fixed by the United States Department of Agriculture, multiplied by an amount also fixed by the United States Department of Agriculture.
As we pointed out with regard to similar provisions in LB 893 of the 1982 session, in Lincoln Dairy Corporation v.Finigan, 170 Neb. 777, 104 N.W.2d 227 (1960), our Supreme Court held: `The Legislature may not lawfully delegate legislative powers to an administrative or executive authority.'
As applied to the provisions of LB 551, our Supreme Court has held that the Legislature may not delegate its power to agencies of the federal government.
In addition, we refer to subsection 2 of Section 2 where the bill states that ninety per cent of parity is `a price level approximately equal to the average cost ofproduction for each commodity'; and subsection 4 of Section 2 where the bill provides that `The minimum prices established in subsection (2) of this section shall be based onstandard grade, type, or quality subject to normal pricediscounts or premiums.' (Emphasis added.)
Aside from the possibility that the provisions of subsections 2 and 4 of Section 2 might be so vague as to jeopardize the bill's constitutionality, it is our conclusion that to the extent that the Legislature has granted two federal agencies powers which are reserved to the Legislature itself, the bill would be constitutionally suspect.
Very truly yours, PAUL L. DOUGLAS Attorney General Bernard L. Packett Assistant Attorney General